**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES E. MCDONALD, | No.   22-15952 |
| Petitioner-Appellant, | D.C. No. |
| v. | 2:19-cv-00261-CDS-DJA |
| WILLIAM HUTCHINGS; ATTORNEY GENERAL FOR THE STATE OF NEVADA, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Cristina D. Silva, District Judge, Presiding

Argued and Submitted April 1, 2024
Phoenix, Arizona

Before:   HAWKINS, BADE, and DESAI, Circuit Judges.

Appellant-Defendant Charles E. McDonald appeals the denial of his petition

for habeas relief under 28 U.S.C. § 2254(d).   Convicted of larceny and possession

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

of stolen property, McDonald argues that his trial counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984), for failing to investigate his competency to stand trial. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a), and we affirm.

We review the denial of McDonald's habeas petition de novo. *Arnold v. Runnels*, 421 F.3d 859, 862 (9th Cir. 2005). We may not grant a habeas petition under 28 U.S.C. § 2254(d) unless the claim's adjudication in state court (1) resulted in a decision that was contrary to, or involved an unreasonable application of federal law "clearly established" by United States Supreme Court precedent, or (2) resulted in an "unreasonable" factual determination. *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 70–73 (2003)). "Under § 2254(d), a habeas court must determine what arguments or theories supported . . . the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Harrington v. Richter*, 562 U.S. 86, 102 (2011); *see also Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (review of a *Strickland* claim under § 2254(d) is "doubly deferential.").

To prevail under *Strickland*, McDonald needed to prove (1) deficiency—that his counsel's performance fell below an objective standard of reasonableness, and

(2) prejudice—a reasonable probability that, but for counsel's unprofessional conduct, McDonald would have been declared incompetent. 466 U.S. at 687. The Nevada Court of Appeals found that McDonald proved neither prong. *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005) ("When more than one state court has adjudicated a claim, we analyze the last reasoned decision.") (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803–04 (1991)).

At a minimum, the prejudice determination was supported by the state trial court's direct observations concerning McDonald's behavior, John Parris's testimony about McDonald's conduct during their interactions, inconclusive testimony from medical experts, and McDonald's alternating competency designations in a concurrent criminal matter. *See Dusky v. United States*, 362 U.S. 402, 402 (1960) (defendant is competent to stand trial if they have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and . . . has a rational as well as factual understanding of the proceedings against him."). From this evidence, fair-minded jurists could have determined it was not reasonably probable that McDonald would have been declared incompetent to stand trial. *See Harrington*, 562 U.S. at 105 ("The *Strickland* standard is a general one, so the range of reasonable applications is

substantial."). Because McDonald failed to establish that the Nevada Court of Appeals reached an unreasonable prejudice finding, his habeas petition is denied.

**AFFIRMED.**